**FILED**
CLERK, U.S. DISTRICT COURT

04/01/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ GSA _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EMILIO LAZARO SANCHEZ,<br>MICHAEL SANDERS,<br>JOSHUA WAYNE THOMPSON,<br>　aka "JT,"<br>ANTHONY SCOTT,<br>AMIR JAMAAL STAPLES,<br>KENNETH DAVIEON JEROME TIMS, and<br>BILLY RAY FOBBS III,<br><br>　　　　Defendants. | CR  8:26-cr-00039-JVS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery, Interference with Commerce by Robbery, and Attempted Interference with Commerce by Robbery; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　Home Consignment Center was a jewelry, furniture, and handbag consignment company with stores in California and Texas, including California locations at 1901 Camino Ramon, Danville, and

18910 Teller Avenue, Irvine.  Home Consignment Center accepted payment for various products via credit card.  Home Consignment Center purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

2.  Happy Jewelers was a jewelry store located at 1565 South Harbor Boulevard, Fullerton, California.  Happy Jewelers accepted payment for various products via credit card.  Happy Jewelers purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

3.  Fullerton Jewelry Mart was a jewelry store located at 1475 South Harbor Boulevard, Fullerton.  Fullerton Jewelry Mart accepted payment for various products via credit card.  Fullerton Jewelry Mart purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

4.  Ybarra Bros Jewelers was a jewelry store located at 3120 North Tracy Boulevard, Tracy, California.  Ybarra Bros Jewelers accepted payment for various products via credit card.  Ybarra Bros Jewelers purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

5.  Zales was a jewelry company with stores throughout the country, including a location at 2441 Stoneridge Mall Road, Pleasanton, California.  Zales accepted payment for various products via credit card.  Zales purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

B.    OBJECT OF THE CONSPIRACY

Beginning no later than on or about November 27, 2023, and continuing to at least on or about March 25, 2024, in Orange County, within the Central District of California, and elsewhere, defendants EMILIO LAZARO SANCHEZ, MICHAEL SANDERS, JOSHUA WAYNE THOMPSON, also known as "JT," ANTHONY SCOTT, AMIR JAMAAL STAPLES, KENNETH DAVIEON, JEROME TIMS, and BILLY RAY FOBBS III, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
      ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendants SANCHEZ, SANDERS, THOMPSON, SCOTT, STAPLES, TIMS, and FOBBS, and other co-conspirators, would drive, often in a stolen car, to jewelry stores and consignment stores to commit robberies.

2.    Defendants SANCHEZ, SANDERS, THOMPSON, SCOTT, STAPLES, TIMS, and FOBBS, and other co-conspirators, wearing masks and gloves, would smash the glass cases in the stores with hammers and other tools and steal the jewelry inside.

D.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants SANCHEZ, SANDERS, THOMPSON, SCOTT, STAPLES, TIMS, and FOBBS, and others known and unknown to the Grand Jury, committed various overt acts within the

3

Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On February 5, 2024, defendants SANCHEZ, THOMPSON, SCOTT, and FOBBS, and others known and unknown to the Grand Jury, each aiding and abetting the others, robbed Home Consignment Center in Danville of approximately $687,692 worth of jewelry.

Overt Act No. 2:   On February 7, 2024, defendants SANCHEZ, SANDERS, THOMPSON, SCOTT, STAPLES, TIMS, and FOBBS, and others known and unknown to the Grand Jury, each aiding and abetting the others, attempted to rob Happy Jewelers in Fullerton.

Overt Act No. 3:   On February 25, 2024, defendants SANCHEZ and THOMPSON, and others known and unknown to the Grand Jury, each aiding and abetting the others, robbed Home Consignment Center in San Carlos, California, of approximately $409,450 worth of jewelry.

Overt Act No. 4:   On March 15, 2024, defendants SANCHEZ and SANDERS, and others known and unknown to the Grand Jury, each aiding and abetting the others, attempted to rob Fullerton Jewelry Mart in Fullerton.

Overt Act No. 5:   On March 15, 2024, defendants SANCHEZ and SANDERS, and others known and unknown to the Grand Jury, each aiding and abetting the others, robbed Home Consignment Center in Irvine  of approximately $113,507 worth of jewelry and handbags.

Overt Act No. 6:   On March 25, 2024, defendant SANCHEZ and others known and unknown to the Grand Jury, each aiding and abetting the others, attempted to rob Ybarra Bros Jewelers in Tracy.

Overt Act No. 7:   On March 25, 2024, defendant SANCHEZ and others known and unknown to the Grand Jury, each aiding and abetting

the others, robbed Zales in Pleasanton of approximately $29,000 worth of watches and jewelry.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about February 7, 2024, in Orange County, within the Central District of California, defendants EMILIO LAZARO SANCHEZ, MICHAEL SANDERS, JOSHUA WAYNE THOMPSON, also known as "JT," ANTHONY SCOTT, AMIR JAMAAL STAPLES, KENNETH DAVIEON, JEROME TIMS, and BILLY RAY FOBBS III, and others known and unknown to the Grand Jury, each aiding and abetting the others, attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants SANCHEZ, SANDERS, THOMPSON, SCOTT, STAPLES, DAVIEON, TIMS, and FOBBS, and others known and unknown to the Grand Jury, attempted to unlawfully take property belonging to the Happy Jewelers store located at 1565 South Harbor Boulevard, Fullerton, California, the inventory of which traveled in interstate commerce, in the presence of Happy Jewelers employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

6

COUNT THREE

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS SANCHEZ and SANDERS]

On or about March 15, 2024, in Orange County, within the Central District of California, defendants EMILIO LAZARO SANCHEZ and MICHAEL SANDERS, and others known and unknown to the Grand Jury, each aiding and abetting the others, attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants SANCHEZ and SANDERS, and others known and unknown to the Grand Jury, attempted to unlawfully take property belonging to the Fullerton Jewelry Mart store located at 1475 South Harbor Boulevard, Fullerton, California, the inventory of which traveled in interstate commerce, in the presence of Fullerton Jewelry Mart employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT FOUR

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS SANCHEZ and SANDERS]

On or about March 15, 2024, in Orange County, within the Central District of California, defendants EMILIO LAZARO SANCHEZ and MICHAEL SANDERS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants SANCHEZ and SANDERS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of jewelry and bags valued at approximately $113,507,  belonging to the Home Consignment Center store located at 18910 Teller Avenue, Irvine, California, the inventory of which traveled in interstate commerce, in the presence of Home Consignment Center employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been ///

9

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/
                                        Foreperson


TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

JENA A. MACCABE
Assistant United States Attorney
Deputy Chief, Major Crimes
Section

CAITLIN J. CAMPBELL
Assistant United States Attorney
Orange County Office